# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DUSTIN MATTHEW GRIGSBY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 4:14CV1849 NAB |
| BILL HARRIS, | ) ) ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Dustin Grigsby petitions the Court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Grigsby has neither paid the filing fee nor submitted a motion for leave to proceed in forma pauperis. Additionally, it appears from the face of the petition that Grigsby has not exhausted his available state court remedies.

Before he may proceed with this action, Grigsby must either pay the $5 filing fee or, if he cannot afford the fee, file a motion for leave to proceed in forma pauperis. The Court will direct the Clerk to provide Grigsby with the Court's in forma pauperis form. And the Court will require him either to pay the fee or to complete the form within twenty-one days from the date of this Order.

The Court cannot grant Grigsby's petition for writ of habeas corpus unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); Day v. McDonough, 547 U.S. 198, 205 (2006) (describing exhaustion requirement as a "threshold barrier[]" to habeas relief.). However, the exhaustion requirement may be met if "there are no 'currently available, non-futile state remedies', through which the petitioner can present his

claim." Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988) (quoting Laws v. Armontrout, 834 F.2d 1401, 1412 (8th Cir. 1987)).

On April 22, 2014, Grigsby pled guilty to charges of first and second degree arson. Missouri v. Grigsby, 13L6-CR01071-01 (Lincoln County). On August 21, 2014, the state court sentenced him to a total prison term of fifteen years. Id. Grigsby did not appeal, and he has not filed a motion for postconviction relief under Rule 24.035 of the Missouri Supreme Court Rules.

In Missouri, a prisoner seeking relief on the ground that his "conviction or sentenced imposed violates the . . . constitution of the United States . . . may seek relief in the sentencing court pursuant to the provisions of . . . Rule 24.035." Mo. S. Ct. R. 24.035(a). "Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court . . ." Id. When no appeal has been taken, a Missouri prisoner has 180 days from the date he was taken into custody by the Department of Corrections to file his Rule 24.035 motion. Mo. S. Ct. R. 24.035(b).

It appears that Grigsby is well within the time limit for filing a Rule 24.035 motion. Therefore, he has not exhausted available state remedies, and the petition is subject to summary dismissal under Rule 4 of the Rules Governing § 2254 Cases.

Grigsby states that he brought his petition in this Court first because he would not receive a fair trial in the state courts. Grigsby is cautioned that if he elects not to pursue his available state remedies, his federal claims may be procedurally defaulted. To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003). A claim has been fairly presented when a petitioner has properly raised the same factual

grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022. For that reason, Grigsby may wish to file a Rule 24.035 motion in the sentencing court before pursuing his federal habeas claims in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to Grigsby a motion for leave to proceed in forma pauperis form for use in § 2254 cases.

**IT IS FURTHER ORDERED** that Grigsby shall either submit his completed in forma pauperis form or pay the $5 filing fee within twenty-one days of the date of this Order.

**IT IS FURTHER ORDERED** that within twenty-one days of this Order Grigsby shall show cause why the instant petition should not be dismissed for failure to exhaust available state remedies.

Dated this 6th day of November, 2014.

    **Nannette A. Baker**
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE